**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number *(if known)*: _____    Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

02/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. **Debtor's Name** | TZEW Holdco LLC | |
| 2. **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | N/A | |
| 3. **Debtor's federal Employer Identification Number (EIN)** | <u>46-5080252</u> | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| <u>18575 Jamboree Road</u><br>Number        Street | <br>Number        Street |
| <u>Suite 600</u> | |
| | P.O. Box |
| <u>Irvine</u>        <u>CA</u>    <u>92612</u><br>City        State    Zip Code | <br>City        State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| <u>Orange</u><br>County | <br>Number        Street |
| | <br>City        State    Zip Code |

5. **Debtor's website (URL)**    **www.apexparksgroup.com**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **TZEW Holdco LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**7131 (Amusement Parks and Arcades)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No
☐ Yes.

If more than 2 cases, attach a separate list.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | | MM/DD/YYYY | Case number | |
| | District | | When | MM/DD/YYYY | Case number | |

| Debtor | **TZEW Holdco LLC** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| | | | | | |
|---|---|---|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No<br>☒ Yes. | Debtor | **See Rider 1** | Relationship | **Affiliate** |
| List all cases. If more than 1, attach a separate list. | | District | **District of Delaware** | When | |
| | | Case number, if known | _____ | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐   It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐   It needs to be physically secured or protected from the weather.

☐   It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐   Other

**Where is the property?**

| Number | Street | | |
|---|---|---|---|
| | | | |
| City | | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☒ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

| Debtor | **TZEW Holdco LLC** | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☒ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  4/8/2020
 MM/DD/YYYY

X _____    **John Fitzgerald**
Signature of authorized representative of debtor    Printed name

Title   Chief Executive Officer

| 18. Signature of attorney | X _____ | Date  4/8/2020 |
|---|---|---|
| | Signature of attorney for debtor | MM/DD/YYYY |

**Laura Davis Jones**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street**
Number          Street

**Wilmington**          **DE**     **19801**
City          State     ZIP Code

**(302) 652-4100**          ljones@pszjlaw.com
Contact phone          Email address

**2436**          **Delaware**
Bar number          State

| Fill in this information to identify the case: | |
| --- | --- |
| United States Bankruptcy Court for the: | |
| District of Delaware | |
| (State) | |
| Case number *(if known)*: _____   Chapter ___11___ | |

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Apex Parks Group, LLC.

- Apex Parks Group, LLC
- Apex Real Property Holdings, LLC
- Speedzone Beverage Company, LLC
- TZEW Intermediate Corp.

- Speedzone Holdings, LLC
- Speedzone Management, LLC
- TZEW Holdco LLC

**SECRETARY CERTIFICATE**

**April 8, 2020**

The undersigned, Jeffrey M. Frient, as the secretary or the authorized signatory, as applicable, of, TZEW Holdco LLC, TZEW Intermediate Corp., Apex Parks Group, LLC, Apex Real Property Holdings, LLC, Speedzone Management, LLC, Speedzone Holdings, LLC, and Speedzone Beverage Company, LLC (each, a "Company" and, collectively, the "Companies"), hereby certifies as follows:

1.      I am the duly qualified and elected secretary or authorized signatory, as applicable, of the Companies and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Companies.

2.      Attached hereto is a true, complete, and correct copy of the resolutions of the Companies' boards of directors or managers, the sole member, or the stockholder, as applicable (collectively, the "Board"), duly adopted at a properly convened and joint meeting of the Board on April 8, 2020, in accordance with the applicable limited liability company agreement, operating agreement, bylaws, or similar governing document (in each case as amended or amended and restated) of each Company.

3.      Since their adoption and execution, the resolutions have not been modified, rescinded, or amended and are in full force and effect as of the date hereof, and the resolutions are the only resolutions adopted by the Board relating to the authorization and ratification of all corporate actions taken in connection with the matters referred to therein.

*[Signature page follows]*

IN WITNESS WHEREOF, I have hereunto set my hand on behalf of the Companies as of the date hereof.

TZEW Holdco, LLC
TZEW Intermediate Corp.
Apex Parks Group, LLC
Apex Real Property Holdings, LLC
Speedzone Management, LLC
Speedzone Holdings, LLC
Speedzone Beverage Company, LLC

By: _____
Name: Jeffrey M. Frient

## RESOLUTIONS APPROVED AT A JOINT MEETING

### April 8, 2020

The undersigned, being all of the members of the Board of Managers or Directors or the Member or Stockholder (as such terms are defined in the applicable Governing Documents), as applicable (each, a "Governing Body"), of the applicable entity listed on **Annex I** attached hereto (each, a "Company," and together, the "Companies"), hereby take the following actions and adopt the following resolutions pursuant to the bylaws, limited liability company agreement, or similar governing document, as applicable (in each case as amended or amended and restated, the "Governing Documents") of each Company and the laws of the state of formation of each Company as set forth next to each Company's name on **Annex I**;

### CHAPTER 11 FILING

**WHEREAS** each Governing Body has considered certain materials presented by each Company's management and financial and legal advisors, including, but not limited to, materials regarding the liabilities and obligations of each Company, its liquidity, strategic alternatives available to it, and the effect of the foregoing on each Company's business, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to each Company; and

**WHEREAS** each Governing Body has had the opportunity to consult with each Company's management and the financial and legal advisors and consider each of the strategic alternatives available to each Company.

**NOW, THEREFORE, BE IT RESOLVED** that in the judgment of each Governing Body, it is desirable and in the best interests of each Company, that each Company shall be, and hereby is, authorized to file, or cause to be filed, voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States; and

**FURTHER RESOLVED** that the appointed officers of TZEW Holdco, Inc., TZEW Intermediate Corp., or Apex Parks Group, LLC (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of any Company all petitions, schedules, lists, and other motions, papers, or documents as necessary to commence the Chapter 11 Cases and obtain chapter 11 relief, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Companies' businesses.

## CASH COLLATERAL, DEBTOR IN POSSESSION FINANCING, AND ADEQUATE PROTECTION

**WHEREAS** each Company is party to that certain amended and restated financing agreement (the "<u>Financing Agreement</u>"), dated as of September 18, 2014, providing access to a credit facility with the lenders party thereto and Cerberus Business Finance, LLC, as administrative and collateral agent (the "<u>Prepetition Agent</u>"), pursuant to which the lenders party thereto have made certain loans and financial accommodations available to the Companies.

**WHEREAS** reference is made to that certain debtor-in-possession credit agreement providing for a senior secured super-priority revolving credit facility (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented or otherwise modified from time to time, the "<u>DIP Credit Agreement</u>") dated as of, or about, the date hereof, that sets forth the terms and conditions of the debtor-in-possession credit financing to be provided to the Companies by the lenders listed therein and party thereto from time to time (the "<u>DIP Lenders</u>") and Cerberus Business Finance, LLC to serve as administrative agent thereto (the "<u>DIP Agent</u>");

**WHEREAS** each Company will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "<u>Cash Collateral</u>"), which is security for certain prepetition secured lenders (collectively, the "<u>Prepetition Secured Lenders</u>") under the Financing Agreement, and (b) the incurrence of debtor-in-possession financing obligations pursuant to the DIP Credit Agreement (collectively, the "<u>DIP Financing</u>").

**NOW, THEREFORE, BE IT RESOLVED** that in order to use and obtain the benefits of (a) the DIP Financing and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection to the Prepetition Secured Lenders and to the DIP Lenders to secure the obligations of the Companies under the DIP Credit Agreements (the "<u>DIP Obligations</u>") as documented in a proposed order in interim and final form (the "<u>DIP Orders</u>") and submitted for approval to the Bankruptcy Court and related loan documents;

**FURTHER RESOLVED** that the form, terms, and provisions of the DIP Credit Agreement and the DIP Orders to which each Company is or will be subject, and the actions and transactions contemplated thereby are hereby authorized, adopted, and approved, and each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Credit Agreement and each DIP Order and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents relating to the transactions contemplated thereby to which each Company is or will be a party, including, but not limited to, any security agreements, pledge agreements, guaranty agreement, assignment documents, notices, financing statements, mortgages, intellectual property filings, tax affidavits, fee letters and other instruments as any of the DIP Agent or requisite DIP Lenders may reasonably request or as may be necessary or appropriate to create, preserve and perfect the liens of the DIP Agent or the Prepetition Agent (collectively with the DIP Orders, the "<u>DIP Documents</u>"), with such changes, additions, and modifications thereto as any Authorized Signatory executing the same shall approve, such

4

approval to be conclusively evidenced by such Authorized Signatory's execution and delivery thereof;

**FURTHER RESOLVED** that the incurrence of the liabilities and obligations arising from each DIP Order and each DIP Document by each Company party thereto, (i) is necessary and convenient to the conduct, promotion, and attainment of the business of the Company, and (ii) may reasonably be expected to benefit the Companies, directly or indirectly;

**FURTHER RESOLVED** that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the DIP Obligations, including the borrowing of the loan under the DIP Credit Agreement, and other obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents, including granting liens on and security interests in its assets, including the Collateral, to the DIP Agent or the Prepetition Agent to secure such obligations (collectively, the "DIP Transactions"); and

**FURTHER RESOLVED** that each of the Authorized Signatories of each Company, acting alone or with one or more other Authorized Signatories, be, and hereby is, authorized, directed and empowered in the name of, and on behalf of, each Company, as debtors and debtors in possession to take such actions as in their discretion is determined to be necessary, desirable, or appropriate to execute the DIP Transactions, including the negotiation, execution, and delivery of: (a) the DIP Documents; (b) such other instruments, certificates, notices, assignments, and other documents, including, without limitation, any amendments to any DIP Documents, as may be reasonably requested by the DIP Agent; and (c) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents, in the name of and on behalf of each Company, with such changes therein as shall be approved by the Authorized Signatories executing the same, with such execution by said Authorized Signatory to constitute conclusive evidence of his or her approval of the terms thereof, including any departures therein from any form presented to each Governing Body.

## SALE OF SUBSTANTIALLY ALL ASSETS

**WHEREAS** after due consideration taking into account the information available to it at this time and after consultation with each Company's management and legal, financial, and other advisors, and in the exercise of its business judgment, the Governing Body of each Company has determined that it would be desirable and in each Company's best interests for each Company to sell all of the assets of each Company (collectively, the "Potential Sale Transactions"); and

**WHEREAS** each Company's management and legal, financial, and other advisors are negotiaing a proposed the sale of substantially all of each Company's assets to APX Acquisition Company LLC (the "Stalking Horse Bidder"), free and clear of liens, claims, encumbrances, and other interests, pursuant to terms as set forth in a proposed asset purchase agreement (the "Stalking Horse APA").

**NOW, THEREFORE, BE IT RESOLVED** that in the judgment each Governing Body it is desirable and in the best interests of each Company that each Company sell substantially all of its assets to the Stalking Horse Bidder and, therefore, each Company is hereby authorized to

5

finalize and execute the proposed Stalking Horse APA, or an alternative asset purchase agreement with a successful bidder at auction, and to effectuate such Potential Sale Transactions on such terms that the Authorized Signatories determine will maximize value, and the Company is further authorized to file a motion to approve such sale to the Stalking Horse Bidder and for any related relief, or to approve a sale to a higher and better bidder, and to close such sale, subject to Bankruptcy Court approval in the Company's chapter 11 proceeding; and

**FURTHER RESOLVED** that each of the Authorized Signatories of each Company, acting alone or with one or more other Authorized Signatories, be, and hereby is, authorized, directed and empowered in the name of, and on behalf of, each Company, as debtors and debtors in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate to execute the Potential Sale Transactions, including the negotiation, execution, and delivery of: (a) the Stalking Horse APA, or such other competing asset purchase agreement from a higher and better bidder, and (b) such other instruments, certificates, notices, assignments, and other documents, including, without limitation, any amendments to the Stalking Horse APA, as may be reasonably requested in support of the sale, with such changes therein as shall be approved by the Authorized Signatories executing the same, with such execution by said Authorized Signatory to constitute conclusive evidence of his or her approval of the terms thereof, including any departures therein from any form presented to each Governing Body.

<u>**RETENTION OF PROFESSIONALS**</u>

**NOW, THEREFORE, BE IT FURTHER RESOLVED** that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the following professionals on behalf of each Company: (a) the law firm of Pachulski Stang Ziehl & Jones LLP, as general bankruptcy counsel, (b) Imperial Capital LLC, as investment banker and financial advisor, (c) Paladin Management Group, LLC, as restructuring advisor, (d) Kurtzmann Carson LLC, as claims and noticing agent, and (e) any other legal counsels, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Signatories deem necessary, appropriate or advisable; each to represent and assist each Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and applicable law (including, but not limited to, the law firms filing any pleadings and responses); and in connection therewith, each of the Authorized Signatories be, and hereby is authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to reach such services.

<u>**GENERAL**</u>

**NOW, THEREFORE, BE IT RESOLVED** that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action to: execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents; and pay all expenses, including but not limited to filing fees, in each case as, in such officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

6

**FURTHER RESOLVED** that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Documents of each Company, or hereby waive any right to have received such notice;

**FURTHER RESOLVED** that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of each Governing Body; and

**FURTHER RESOLVED** that each of the Authorized Signatories (and their designees and delegates) be and hereby is authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

\* \* \* \* \*

## ANNEX I

| Company | Jurisdiction |
|---|---|
| TZEW Holdco LLC | Delaware |
| TZEW Intermediate Corp. | Delaware |
| Apex Parks Group, LLC | Delaware |
| Apex Real Property Holdings, LLC | Delaware |
| Speedzone Management, LLC | Texas |
| Speedzone Holdings, LLC | Texas |
| Speedzone Beverage Company, LLC | Texas |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | TZEW Holdco LLC, *et al.* |
| United States Bankruptcy Court for the: _____ District of Delaware (State) | |
| Case number (If known): 20-_____ | |

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (on a Consolidated Basis)    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Store Master Funding VII, LLC 8501 E. Princess Drive Suite 190 Scottsdale, AZ 85255 | Christopher H. Volk Tel: 480-256-1100 Fax: 480-25601101 | Landlord | | | | $1,565,324 |
| 2 | BK of Destin Inc. 381 West Miracle Strip Parkway Mary Esther, FL 32569 | George Brown wingshooter@cox.net | Landlord | | | | $442,193 |
| 3 | Turnstile, Inc. 2002 Academy Lane Suite 100 Dallas, TX 75234 | John Seeker Tel: 214-210-6000 bmccullough@turnstileinc.com | Professional Services | | | | $371,756 |
| 4 | Stemmons Park Ltd. 3838 Camino Del Rio #300 N San Diego, CA 92108 | Richard C. Dentt Tel: 619-280-6400 ext. 212 glenda@pacrealty.com | Landlord | | | | $294,333 |
| 5 | Broadspire Services, Inc. 5335 Triangle Parkway NW Peachtree Corners, GA 30092 | Jason Hernesman Tel: 404-300-0700 Fax: 404-300-1005 Jason_Hernesman@choosebroadspire.com | Professional Services | | | | $256,570 |
| 6 | Johnson Law Group 370 West Camino Gardens Boulevard Suite 402 Boca Raton, FL 33432 | Jeffrey W. Johnson, Esq. Tel: 561-994-9433 Fax: 561-994-9099 jwj@j2law.com | Professional Services | | | | $224,149 |

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | Broadsky Partners LLC 1230 Ave of the Americas, 321081669 New York, NY 10020 | Tel: 312-649-5666 | Professional Services | | | | $219,929 |
| 8 | Accordian Partners LLC 31 West 52nd Street 16th Floor New York, NY 10019 | Herb Cohen Tel: 646-485-8000 billings@accordion.com | Professional Services | | | | $155,841 |
| 9 | Boca Raton Airport Authority 903 NW 35th Street Boca Raton, FL 33431 | Ariadna Camilo Clara Bennett Tel: 561-391-2202 ariadna@bocaairport.com clara@bocaairport.com | Landlord | | | | $149,274 |
| 10 | Blue Shield of California P.O. Box 749415 Los Angeles | Seth Jacobs, Esq. Tel: 866-346-7198 Fax: 415-229-5056 seth.jacobs@blushieldca.com | Professional Services | | | | $148,284 |
| 11 | KFL Development, LLC 44 Montgomery Street Suite 2388 San Francisco, CA 94104 | Ashley Sokol Krausz Puente Tel: 415-732-5600 dan@krauszco.com | Landlord | | | | $138,981 |
| 12 | Betson Imperial Parks & Srv. 12981 Florence Avenue Santa Fe Springs, CA 90670 | Tel: 800-824-6596 customerservice@betson.com | Trade | | | | $115,457 |
| 13 | Krausz Puente, LLC 44 Montgomery Street Suite 2388 San Francisco, CA 94104 | Krausz Puente dan@krauszco.com | Landlord | | | | $106,682 |
| 14 | The Ultimate Software Group, Inc. 2000 Ultimate Way Weston, FL 33326 | Arlene Rodriguez AccountsReceivable@ultimatesoftware.com | Professional Services | | | | $103,195 |
| 15 | Constellation New Energy, Inc. P.O. Box 4640 Carol Stream, IL 60197 | James McHugh Tel: 844-636-3749 CustomerCare@constellation.com | Trade | | | | $79,444 |
| 16 | Town of Grand Island-Water 2225 Baseline Road Grand Island, NY 14072 | James Dlugokinski Tel: 716-775-1929 water@grand-island.ny.us | Trade | | | | $78,558 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | Comcast Cable Communications Management dba Effectv 1701 JFK Boulevard Philadelphia, PA 19103 | Alicia Kristy Tel: 504-302-0976 kristyalicia@trustaltus.com | Trade | | | | $77,313 |
| 18 | Amuse LLC 7083 W. Mahogany Road Coeur d'Alene, ID 83814 | Brandon Paul Tel: 208-277-5320 brandon@amuserides.com | Trade | | | | $69,650 |
| 19 | John M. Huish Properties 33361 Marina Vista Dana Point, CA 92629 | Dyke Huish huishlaw@mac.com | Landlord | | | | $61,328 |
| 20 | Carolyn B. Huish Properties 33361 Marina Vista Dana Point, CA 92629 | Dyke Huish huishlaw@mac.com | Landlord | | | | $60,623 |
| 21 | Livermore Airway Business Park 3375 Scott Blvd Suite 308 Santa Clara, CA 95054 | Tel: 408-496-1234 Fax: 408-988-4768 joan@tjrinc.com tsiewert@tjrinc.com | Landlord | | | | $49,234 |
| 22 | Carothers DiSante & Freudenberger LLP 18300 Von Karman Avenue Suite 800 Irvine, CA 92612 | Brian E. Cole II Tel: 949-622-1611 twulffson@cdflaborlaw.com | Professional Services | | | | $39,463 |
| 23 | Dennis Foland Inc. d/b/a Sureshot Redemption Charm Co. P.O. Box 5935 Drawer #2426 Troy, MI 48007-5935 | Tel: 909-930-9900 Email: ar@folandgroup.com | Trade | | | | $37,529 |
| 24 | 18691 Jamboree Road Tenant LLC 18575 Jamboree Road Irvine, CA 92612 | help@wework.com | Landlord | | | | $32,980 |
| 25 | BMI Broadcast Music Inc. P.O. Box 630893 Cincinnati, OH 45263-0893 | Rachel Craver Mike O'Neill, Tel: 800-925-8451 rcraver@bmi.com | Professional Services | | | | $32,830 |
| 26 | Adaptive Insights, Inc. 3350 W. Bayshore Road Suite 200 Palo Alto, CA 94303 | Jennie Wilstead Fay Tel: 650-528-7500 Fax: 650-528-7501 jwilstead@adaptiveinsights.com | Professional Services | | | | $31,644 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 | AFCO Insurance Premium Financing P.O. Box 4795 Carol Stream, IL  60197-4795 | Rolin Salinas Bob Pinkerton Tel: 800-288-6901 promptservice@afco.com | Professional Services | | | | $30,958 |
| 28 | RB U'Ren Equipment 1120 Connecting Road Niagara Falls, NY 14304 | Dana Hartman Tel: 716-283-4466 tammy@rburen.com | Trade | | | | $29,701 |
| 29 | J-Mar Sisk Road Property, L.P. 515 Lyell Drive Suite 101 Modesto, CA  95356 | Zach DeGough Tel: 209-578-5800 zach.degough@berberianco.com | Landlord | | | | $25,966 |
| 30 | McKool Smith, a Professional Corporation 300 Crescent Court Suite 1500 Dallas, TX 75201 | Jamie Huffman Tel: 214-978-4253 Fax: 214-978-4044 jhuffman@McKoolSmith.com | Professional Services | | | | $25,960 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TZEW HOLDCO LLC, | ) | Case No. 20-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holders (Type of Holding) | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| BSP Partners I, L.P. | 900 Third Avenue, 27th floor, New York, NY 10022 | 43.30% |
| EGCP III, L.P. | 900 North Michigan Avenue - Suite 1800, Chicago, IL 60611 | 26.64% |
| Global Investor Fund LLC | 1600 Kongens Gade, St. Thomas, VI 00802 | 11.46% |
| Al Weber | Redacted | 3.41% |
| EGCP III Co-Invest, L.P. | 900 North Michigan Avenue - suite 1800, Chicago, IL 60611 | 3.14% |
| BSP-TZEW LLC | 900 Third Avenue, 27th floor, New York, NY 10022 | 2.91% |
| John Fitzgerald | Redacted[2] | 2.45% |
| Brenda Morris | Redacted | 1.60% |
| Reserved for Management | N/A | 1.17% |
| Gregg Borman | Redacted | 0.99% |
| TTZ Cap Partners LLC | 900 Third Avenue, 27th floor, New York, NY 10022 | 0.89% |
| Rebecca Tortorelli | Redacted | 0.50% |
| Richard A. Fox | Redacted | 0.50% |
| Paul Gold | Redacted | 0.34% |
| Dena Hernandez | Redacted | 0.30% |
| Derek Weaver | Redacted | 0.30% |
| Doug Honey | Redacted | <0.10% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of March 31, 2020.

[2]   Address information for individual holders has been redacted to maintain confidentiality.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TZEW HOLDCO LLC, | ) | Case No. 20-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| BSP Partners I, L.P. | 43.30% |
| EGCP III, L.P. | 26.64% |
| Global Investor Fund LLC | 11.46% |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TZEW HOLDCO LLC, | ) | Case No. 20-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### CERTIFICATION OF CREDITOR MATRIX

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted contemporaneously herewith contains the names and addresses of the Debtors' creditors.  To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date.  However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed.  Therefore, the listing does not, and should not, be deemed to constitute:  (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Apex Parks Group, LLC (5579); Apex Real Property Holdings, LLC (1013); Speedzone Beverage Company, LLC (2339); Speedzone Holdings, LLC (7913); Speedzone Management, LLC (2937); TZEW Holdco LLC (0252); and TZEW Intermediate Corp. (1058).  The location of the Debtors' service address in these chapter 11 cases is: 18575 Jamboree Road, Suite 600, Irvine, CA 92612.

Fill in this information to identify the case and this filing:

Debtor Name        TZEW Holdco LLC.

United States Bankruptcy Court for the:        District of Delaware

                                                                                    (State)
Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____    List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____

MM/ DD/YYYY

☒ _____
Signature of individual signing on behalf of debtor

John Fitzgerald
Printed name

Chief Executive Officer
Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors