**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| TZEW HOLDCO LLC, | ) | Case No. 20-10910 (___) |
| Debtor. | ) | |
| Tax I.D. No. 46-5080252 | ) | |
| In re: | ) | Chapter 11 |
| APEX PARKS GROUP, LLC, | ) | Case No. 20-10911 (___) |
| Debtor. | ) | |
| Tax I.D. No. 32-0435579 | ) | |
| In re: | ) | Chapter 11 |
| APEX REAL PROPERTY HOLDINGS, LLC, | ) | Case No. 20-10912 (___) |
| Debtor. | ) | |
| Tax I.D. No. 47-3591013 | ) | |
| In re: | ) | Chapter 11 |
| SPEEDZONE BEVERAGE COMPANY, LLC, | ) | Case No. 20-10913 (___) |
| Debtor. | ) | |
| Tax I.D. No. 36-4742339 | ) | |
| In re: | ) | Chapter 11 |
| SPEEDZONE HOLDINGS, LLC, | ) | Case No. 20-10914 (___) |
| Debtor. | ) | |
| Tax I.D. No. 90-0887913 | ) | |

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| SPEEDZONE MANAGEMENT, LLC, | ) Case No. 20-10915 (___) <br> ) |
| Debtor. | ) <br> ) |
| Tax I.D. No. 46-0602937 | ) <br> ) |
| In re: | ) Chapter 11 <br> ) |
| TZEW INTERMEDIATE CORP., | ) Case No. 20-10916 (___) <br> ) |
| Debtor. | ) <br> ) |
| Tax I.D. No. 46-5081058 | ) |

**DEBTORS' MOTION SEEKING ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF THEIR
RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:[1]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) directing procedural consolidation and joint administration of their related chapter 11 cases and (b) granting related relief. Specifically, the Debtors request that the Court maintain one file and one docket for all of these chapter 11 cases under the case of TZEW Holdco LLC, and that these chapter 11 cases be administered under the following caption:

---

[1] The facts and circumstances supporting this motion are set forth in the *Declaration of Scott Avila, Chief Restructuring Officer of Apex Parks Group, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this motion and incorporated by reference herein. Capitalized terms used but immediately defined shall have the meanings ascribed to them elsewhere in this motion or in the First Day Declaration, as applicable.

DOCS_DE:227659.5 04420/001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TZEW HOLDCO LLC, *et al.*,[1] | ) Case No. 20-10910 (__) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Apex Parks Group, LLC (5579); Apex Real Property Holdings, LLC (1013); Speedzone Beverage Company, LLC (2339); Speedzone Holdings, LLC (7913); Speedzone Management, LLC (2937); TZEW Holdco LLC (0252); and TZEW Intermediate Corp. (1058). The location of the Debtors' service address in these chapter 11 cases is: 18575 Jamboree Road, Suite 600, Irvine, CA 92612.

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3. Additionally, the Debtors request that an entry be made on the docket of each of the Debtors' chapter 11 cases, other than on the docket of TZEW Holdco LLC, that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of: TZEW Holdco LLC, Case No. 20-10910 (__); Apex Parks Group, LLC, Case No. 20-10911 (__); Apex Real Property Holdings, LLC, Case No. 20-10912 (__); Speedzone Beverage Company, LLC, Case No. 20-10913 (__); Speedzone Holdings, LLC, Case No. 20-10914 (__); Speedzone Management, LLC, Case No. 20-10915 (__); TZEW Intermediate Corp., Case No. 20-10916 (__). All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 20-10910 (__).

**Jurisdiction and Venue**

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are sections 105(a) and 342 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m).

**Background**

7. The Debtors are a privately held owner-operator of amusement parks, resorts, and family entertainment centers across the country.  Founded in 2014, the Debtors' business strategy focuses on the acquisition, operation, growth, and development of various properties into economical, family-friendly entertainment and amusement venues.  The Debtors' locations include year-round family entertainment centers, water parks, and amusement parks in states across the country, including California, Texas, and Florida.  Each of the Debtors' locations provides affordable, family-friendly entertainment to local markets and features numerous attractions, including rides, games, and events.  The Debtors pride themselves on forming long-term relationships with their customers based on the strength and value proposition of the experiences they provide.

8. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no committees have been appointed or designated`.

**Basis for Relief**

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The [seven] Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

11. Joint administration is generally non-controversial, and courts in this district routinely order joint administration in cases with multiple related debtors. *See, e.g.*, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Dec. 18, 2019) (directing joint administration of chapter 11 cases); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D.

Del. Dec. 3, 2019) (same); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (same); *In re Forever 21, Inc*., No. 19-12122 (KG) (Bankr. D. Del. Oct. 1, 2019) (same); *In re PES Holdings, LLC,* No. 19-11626 (KG) (Bankr. D. Del. Jul. 23, 2019) (same).[2]

12. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each and every Debtor entity. The entry of the Order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties-in-interest to monitor these chapter 11 cases with greater ease and efficiency.

13. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties-in-interest will not be harmed by the relief requested; instead, parties-in-interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties-in-interest.

## Notice

14. The Debtors will provide notice of this motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the agent under the Debtors' prepetition revolving credit facilities and prepetition term loan facility; (d) counsel to the agent under the Debtors' postpetition

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

credit facility; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue Service; (g) the state attorneys general for all states in which the Debtors conduct business; and (h) any party that requests service pursuant to Bankruptcy Rule 2002.  As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m).

## **No Prior Request**

15. No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page left intentionally blank*]

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A** (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated: April 8, 2020

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@pszjlaw.com
         dbertenthal@pszjlaw.com
         tcairns@pszjlaw.com

Proposed Counsel to the Debtors and Debtors in Possession