# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TZEW HOLDCO LLC, et al.,[1] | ) Case No. 20-10910 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Docket Ref. No. 82** |

## ORDER GRANTING APPLICATION OF DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO SECTIONS 327(A) AND 328(A) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(A) AND 2016 AND LOCAL BANKRUPTCY RULES 2014-1, 2016-1 AND 2016-2, FOR ENTRY OF AN ORDER AUTHORIZING THEM TO RETAIN AND EMPLOY A&G REALTY PARTNERS, LLC AS THEIR REAL ESTATE CONSULTANT AND ADVISOR EFFECTIVE AS OF THE PETITION DATE AND TO WAIVE THE INFORMATION REQUIREMENTS OF LOCAL RULE 2016-2(D)

This matter coming before the Court upon the *Application of Debtors and Debtors in Possession, Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Bankruptcy Rules 2014-1, 2016-1 and 2016-2, for Entry of an Order Authorizing Them to Retain and Employ A&G Realty Partners, LLC, as Their Real Estate Consultant and Advisor Effective as of the Petition Date and to Waive the Information Requirements of Local Rule 2016-2(d)* [Docket No. 82] (the "Application"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Application and the Graiser Declaration, and having scheduled a hearing before the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Apex Parks Group, LLC (5579); Apex Real Property Holdings, LLC (1013); Speedzone Beverage Company, LLC (2339); Speedzone Holdings, LLC (7913); Speedzone Management, LLC (2937); TZEW Holdco LLC (0252); and TZEW Intermediate Corp. (1058). The location of the Debtors' service address in these chapter 11 cases is: 18575 Jamboree Road, Suite 600, Irvine, CA 92612.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012, (ii) this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (iv) notice of this Application and the Hearing was appropriate under the circumstances and (v) A&G Realty is a "disinterested person," as defined in Section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code in that (A) A&G Realty has no connection with the Debtors, their creditors, the United States Trustee, any person employed by the office of the United States Trustee or any party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except as set forth in the Graiser Declaration, (B) A&G Realty is not a creditor, equity security holder or insider of the Debtors, (C) A&G Realty is not and was not, within two years of the Petition Date, a director, officer or employee of the Debtors and (D) A&G Realty neither has nor represents an interest adverse to the interests of the estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason; and the Court having determined that the legal and factual bases set forth in the Application, the Graiser Declaration, and at the Hearing, establish just cause for the relief granted herein;

        IT IS HEREBY ORDERED THAT:

        1.       The Application is GRANTED, as set forth herein.

2.  The Debtors are authorized to retain and employ A&G Realty as their real estate consultant and advisor in these chapter 11 cases, pursuant to the terms and conditions set forth in the Application and the Services Agreement, as modified herein, effective as of the Petition Date. A&G shall perform services beyond those set forth in the Services Agreement only upon further Order of the Court.

3.  A&G Realty shall be compensated in accordance with the terms of the Services Agreement. Notwithstanding anything to the contrary herein, the fees and expenses payable to A&G Realty pursuant to the Services Agreement shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of A&G Realty's compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of A&G Realty's compensation.

4.  A&G Realty will be compensated one hundred percent (100%) of the amount due upon submission of an acceptable invoice to the Debtors (with the exception of Lease Sales which shall require Bankruptcy Court approval) for all Services and expenses incurred in connection with their Services. Upon completion of their work for the Debtors, A&G Realty will file a final fee application for review by the Court and parties in interest pursuant to

section 328 (a) of the Bankruptcy Code for all Services. Copies of invoices will be provided to the U.S. Trustee and counsel to the Official Committee of Unsecured Creditors.

      5.    Notwithstanding paragraph 17(b) of the Application, each Lease sale negotiated by A&G Realty on behalf of the Company and approved by the Bankruptcy Court, A&G Realty shall earn and be paid a fee of four percent (4%) of the Gross Proceeds of such sale per Lease.

      6.    Notwithstanding anything to the contrary in the Services Agreement, the following shall apply:

      (a)    A&G Realty shall not be entitled to indemnification, contribution or reimbursement for services pursuant to the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefore are approved by the Court;

      (b)    The Debtors shall have no obligation to indemnify any person, or provide contribution or reimbursement to any person, for any claim or expense to the extent that it is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from that person's gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of A&G Realty's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to judicial determination as to the exclusions set forth in clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution or reimbursement under the terms of the Services Agreement as modified by this Order;

      (c)      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become final and no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, A&G Realty believes that it is entitled to payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Services Agreement, including without limitation the advancement of defense costs, A&G Realty must file an application before this Court, and the Debtors may not pay any such amounts to A&G Realty before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for payment by A&G Realty for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify A&G Realty under the Services Agreement; and

      (d)      The limitation of liability set forth in the Services Agreement shall not be enforceable during the Chapter 11 proceeding.

7. To the extent that there may be any inconsistency between the terms of the Application, the Services Agreement, and this Order, the terms of this Order shall govern.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. Notwithstanding anything to the contrary in the Services Agreement, during the pendency of these chapter 11 cases, this Court shall retain exclusive jurisdiction over (i) any dispute arising out of or relating to the Services Agreement, and (ii) all matters arising from or related to the implementation of this Order.

11. A&G Realty shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Chapter 11 cases.

Dated: May 5th, 2020
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE