**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TZEW HOLDCO LLC, *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 20-10910 (CSS)<br>)<br>) (Jointly Administered)<br>) **Related Docket No. 85** |

**SUPPLEMENTAL DECLARATION OF T. SCOTT AVILA IN SUPPORT OF MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(B) TO EMPLOY AND RETAIN PALADIN MANAGEMENT GROUP, LLC TO PROVIDE A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL AS OF THE PETITION DATE, AND LIMITED WAIVER OF DEL. BANKR. L.R. 2016-2**

T. Scott Avila, being duly sworn according to law upon his oath, states and affirms as follows:

1. I am the Chief Executive Officer of Paladin Management Group, LLC ("Paladin"). I submit this declaration (the "Supplemental Declaration") on behalf of Paladin in further support of the motion (the "Motion") [Docket 85][2] of the debtors and the debtors-in-possession (the "Debtors") in the above-captioned chapter 11 cases for an order authorizing the Debtors to employ and retain Paladin to provide the Debtors a Chief Restructuring Officer and Additional Personnel, effective as of the Petition Date, pursuant to 11 U.S.C. §§ 105(a) and 363(b). This Supplemental Declaration is intended to supplement the declaration I submitted

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Apex Parks Group, LLC (5579); Apex Real Property Holdings, LLC (1013); Speedzone Beverage Company, LLC (2339); Speedzone Holdings, LLC (7913); Speedzone Management, LLC (2937); TZEW Holdco LLC (0252); and TZEW Intermediate Corp. (1058). The location of the Debtors' service address in these chapter 11 cases is: 18575 Jamboree Road, Suite 600, Irvine, CA 92612.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

with the Motion (the "Original Declaration"). Unless otherwise stated herein, the information contained in the Original Declaration remains true and correct.

## Paladin's Disinterestedness

2. In connection with its proposed retention by the Debtors in these chapter 11 cases, Paladin undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors. Paladin reviewed its connections with certain individuals and entities that may be parties in interest in these chapter 11 cases that were reasonably made known to Paladin by the Debtors. Such parties were listed on Schedule 1 attached to the Original Declaration (such parties, the "Potential Parties in Interest").

3. Specifically, Paladin distributed the Potential Parties in Interest list to each of its employees, members, and contractors who have any interaction with the Debtors' cases or access to the Debtors' related information, with the following instructions:

> "Please review carefully and let us know if you have any prior or parallel connections with any of the parties listed here. For purposes of this exercise, you should report any current or prior engagements, relationships (professional or personal), or representations. If you are aware of any principals at any of these parties who themselves have prior connections with you or the firm, please also include that."

4. As the result of this review, the following potential connections were produced:

- Kirkland & Ellis LLP – Lance Miller is a contractor with Paladin who is working on the Debtors' cases. From May 2008 through June 2009, Mr. Miller was an associate with the firm of Kirkland & Ellis LLP in its restructuring group. During that time, he did not do any work with respect to the Debtors, but some of his work may have involved Cerberus Business Finance or several of its affiliates in matters unrelated to the Debtors' cases.

- KTBS Law LLP – While at a prior firm, Scott Avilla and Allen Soong, principals of Paladin, were engaged by KTBS Law LLP as financial advisors to Cerberus in connection with an engagement unrelated to the Debtors.

- Material Vendors – From time to time, various members of Paladin may have worked on cases that involved creditors who are listed on the material vendors portion of the Potential Parties in Interest list. Among other things, in the past year, Lance Miller served as Chief Restructuring Officer for a company where Ultimate Software, one of the Debtors' material vendors, was a material creditor; that engagement did not involve litigation with or directly adverse matters with respect to Ultimate Software.

5. To the best of my knowledge and belief, Paladin has not represented any Potential Parties in Interest in connection with matters relating to the Debtors, their estates, assets, or businesses and will not represent other entities which are creditors of, or have other relationships to, the Debtors in matters relating to these chapter 11 cases.

6. It is Paladin's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new material relevant facts or relationships are discovered or arise, Paladin will promptly file a supplemental declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 6, 2020 */s/ T. Scott Avila*
T. Scott Avila