**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TZEW HOLDCO LLC, *et al.*,[1] | ) | Case No. 20-10910 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF AGENDA FOR TELEPHONIC HEARING SCHEDULED FOR JUNE 4, 2020 AT 11:00 A.M. (PREVAILING EASTERN TIME), BEFORE THE HONORABLE CHRISTOPHER S. SONTCHI BANKRUPTCY JUDGE, AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, LOCATED AT 824 NORTH MARKET STREET, 5th FLOOR, COURTROOM NO. 6, WILMINGTON, DELAWARE 19801**

**ANY PARTY WISHING TO PARTICIPATE IN THE HEARING
MUST APPEAR THROUGH BOTH COURTCALL AND ZOOM.**

**TO APPEAR BY VIDEO CONFERENCE VIA ZOOM,
PARTIES SHOULD USE THE FOLLOWING INSTRUCTIONS:**

**Join Zoom Hearing: https://www.zoomgov.com/j/1609918924**

**Meeting ID: 160 991 8924**

**TO APPEAR TELEPHONICALLY VIA COURTCALL, PARTIES MUST MAKE PRIOR ARRANGEMENTS WITH COURTCALL BY
TELEPHONE (866-582-6878) OR FACSIMILE (866-533-2946)**

**ADJOURNED MATTER:**

1. Motion of Diana Le, Vivian Le, Jamie Nguyen, By and Through Her Guardian Ad Litem James Nguyen, and Jameson Nguyen By and Through His Guardian Ad Litem James Nguyen for Relief From the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code [Filed: 5/11/20] (Docket No. 213).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Apex Parks Group, LLC (5579); Apex Real Property Holdings, LLC (1013); Speedzone Beverage Company, LLC (2339); Speedzone Holdings, LLC (7913); Speedzone Management, LLC (2937); TZEW Holdco LLC (0252); and TZEW Intermediate Corp. (1058). The location of the Debtors' service address in these chapter 11 cases is: 3405 Michelson Drive, Irvine, CA 92612.

Response Deadline:  May 26, 2020, at 4:00 p.m. ET *(extended until 6/23/20 at 4:00 p.m. ET for the Debtors)*

Responses Received:  None as of the date of this Notice of Agenda.

Related Documents:

a.   [Proposed] Order Granting Motion for Relief From the Automatic Stay Provisions of 11 U.S.C. § 362(d) [Filed: 5/11/20] (Docket No. 213, Exhibit B).

Status:  This matter is adjourned until July 7, 2020 at 10:00 a.m.

**RESOLVED MATTERS:**

2.   Motion of Ana Silva for Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Filed: 5/12/20] (Docket No. 217).

Response Deadline:  May 26, 2020, at 4:00 p.m. ET *(extended until 5/29/20 at 4:00 p.m. ET for the Debtors)*

Responses Received:  None as of the date of this Notice of Agenda.

Related Documents:

a.   [Proposed] Order Granting Motion of Ana Silva for Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Filed: 5/12/20] (Docket No. 217).

b.   Stipulation (I) Providing Ana Silva Limited Relief From the Automatic Stay to Pursue State Court Action Against Debtors and Recover Solely From Available Insurance Proceeds and (II) Waiver of Recovery of Claim Against the Debtors and Their Estates [Filed 5/29/20] (Docket No. 271).

Status:  This matter has been resolved By Stipulation.  No hearing necessary.

3.   Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of Kelley Drye & Warren LLP as Lead Counsel Nunc Pro Tunc to April 23, 2020 [Filed: 5/14/20] (Docket No. 233).

Response Deadline:  May 26, 2020, at 4:00 p.m. ET

Responses Received:  None as of the date of this Notice of Agenda.

Related Documents:

a.   [Signed] Order Authorizing the Employment and Retention of Kelley Drye & Warren LLP as Lead Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to April 23, 2020 [Filed: 6/1/20] (Docket No. 278).

Status:  The Court has entered an order on this matter.

4. Application of the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 328(a), 504, and 1103(a); Fed. R. Bankr. P. 2014, 2016 and 5002; and Del. Bankr. L.R. 2014-1 for an Order Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Delaware Co-Counsel for the Official Committee of Unsecured Creditors Nunc Pro Tunc to April 23, 2020 [Filed: 5/14/20] (Docket No. 234).

    Response Deadline:  May 28, 2020, at 4:00 p.m. ET

    Responses Received:  None as of the date of this Notice of Agenda.

    Related Documents:

    a.  [Signed] Order Authorizing the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 328(a), 504, and 1103(a); Fed. R. Bankr. P. 2014, 2016 and 5002; and Del. Bankr. L.R. 2014-1 for an Order Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Delaware Co-Counsel for the Official Committee of Unsecured Creditors Nunc Pro Tunc to April 23, 2020 [Filed: 6/1/20] (Docket No. 279).

    Status:  The Court has entered an order on this matter.

5. Motion of the Official Committee of Unsecured Creditors for an Order Determining that the Committee is Not Required to Provide Access to Confidential or Privileged Information of the Debtors [Filed: 5/14/20] (Docket No. 235).

    Response Deadline:  May 28, 2020, at 4:00 p.m. ET

    Responses Received:  None as of the date of this Notice of Agenda.

    Related Documents:

    a.  [Signed] Order Determining that the Committee is Not Required to Provide Access to Confidential or Privileged Information of the Debtors [Filed: 6/1/20] (Docket No. 280).

    Status:  The Court has entered an order on this matter.

**UNCONTESTED MATTERS FOR WHICH A CNO HAS BEEN FILED:**

6. Debtors' Motion Seeking Entry of an Order (I) Authorizing the Rejection of a Certain Unexpired Lease as of April 30, 2020, (II) Authorizing the Abandonment of Certain Personal Property, Effective as of April 30, 2020, and (III) Granting Related Relief [Filed: 4/30/20] (Docket No. 136).

    Response Deadline:  May 14, 2020, at 4:00 p.m. ET

    Responses Received:  None as of the date of this Notice of Agenda.

3

Related Documents:

a. [Proposed] Order (I) Authorizing the Rejection of a Certain Unexpired Lease as of April 30, 2020, (II) Authorizing the Abandonment of Certain Personal Property, Effective as of April 30, 2020, and (III) Granting Related Relief [Filed: 4/30/20] ([Docket No. 136, Exhibit A](Docket No. 136, Exhibit A)).

b. Certification of No Objection Regarding Debtors' Motion Seeking Entry of an Order (I) Authorizing the Rejection of a Certain Unexpired Lease as of April 30, 2020, (II) Authorizing the Abandonment of Certain Personal Property, Effective as of April 30, 2020, and (III) Granting Related Relief [Filed: 6/1/20] ([Docket No. 283](Docket No. 283)).

Status: No parties have objected to the relief requested in the Motion. Accordingly, the Debtors have filed a certification of no objection and respectfully request the entry of the order attached to the Motion.

7. Debtors' Application for Authorization to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective as of the Petition Date [Filed: 5/8/20] ([Docket No. 209](Docket No. 209)).

Response Deadline: May 22, 2020, at 4:00 p.m. ET

Responses Received: None as of the date of this Notice of Agenda.

Related Documents:

a. [Proposed] Order Authorizing the Debtors to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective as of the Petition Date [Filed: 5/8/20] ([Docket No. 209, Exhibit A](Docket No. 209, Exhibit A)).

b. Certification of No Objection Regarding Debtors' Application for Authorization to Employ and Retain Kurtzman Carson Consultants LLC as Administrative Advisor Effective as of the Petition Date [Filed: 6/1/20] ([Docket No. 282](Docket No. 282)).

Status: No parties have objected to the relief requested in the Application. Accordingly, the Debtors have filed a certification of no objection and respectfully request the entry of the order attached to the Application.

8. Debtors' Second Omnibus Motion Seeking Entry of an Order (I) Authorizing the Rejection of Certain Unexpired Leases, (II) Authorizing the Abandonment of Certain Personal Property, and (III) Granting Related Relief [Filed: 5/19/20] ([Docket No. 239](Docket No. 239)).

Response Deadline: May 28, 2020, at 4:00 p.m. ET

Responses Received: None as of the date of this Notice of Agenda.

Related Documents:

a.     [Proposed] Order (I) Authorizing the Rejection of Certain Unexpired Leases, (II) Authorizing the Abandonment of Certain Personal Property, and (III) Granting Related Relief [Filed: 5/19/20] ([Docket No. 239, Exhibit A](#)).

b.     Certification of No Objection Regarding Debtors' Second Omnibus Motion Seeking Entry of an Order (I) Authorizing the Rejection of Certain Unexpired Leases, (II) Authorizing the Abandonment of Certain Personal Property, and (III) Granting Related Relief [Filed: 6/1/20] ([Docket No. 284](#)).

Status: No parties have objected to the relief requested in the Motion. Accordingly, the Debtors have filed a certification of no objection and respectfully request the entry of the order attached to the Motion.

9. Debtors' Third Omnibus Motion Seeking Entry of an Order (I) Authorizing the Rejection of (A) Certain Unexpired Leases and (B) Certain Executory Contracts, (II) Authorizing the Abandonment of Certain Personal Property, and (III) Granting Related Relief [Filed: 5/21/20] ([Docket No. 249](#)).

Response Deadline: May 28, 2020, at 4:00 p.m. ET

Responses Received: None as of the date of this Notice of Agenda.

Related Documents:

a.     [Proposed] Order (I) Authorizing the Rejection of (A) Certain Unexpired Leases and (B) Certain Executory Contracts, (II) Authorizing the Abandonment of Certain Personal Property, and (III) Granting Related Relief [Filed: 5/21/20] ([Docket No. 249, Exhibit A](#)).

b.     Certification of No Objection Regarding Debtors' Third Omnibus Motion Seeking Entry of an Order (I) Authorizing the Rejection of (A) Certain Unexpired Leases and (B) Certain Executory Contracts, (II) Authorizing the Abandonment of Certain Personal Property, and (III) Granting Related Relief [Filed: 6/1/20] ([Docket No. 285](#)).

Status: No parties have objected to the relief requested in the Motion. Accordingly, the Debtors have filed a certification of no objection and respectfully request the entry of the order attached to the Motion.

**MATTERS GOING FORWARD:**

10. Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Debtors to Use Cash Collateral; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Granting Adequate Protection to the Prepetition Lenders; (V) Modifying the Automatic Stay; (VI) Scheduling a Final Hearing,

and (VII) Granting Related Relief [Filed: 4/13/20] ([Docket No. 26](#)).

Response Deadline:  April 30, 2020, at 4:00 p.m. ET (extended until May 4, 2020 at 4:00 p.m. for Okaloosa County, Florida and until May 5, 2020 at 4:00 p.m. for the Official Committee of Unsecured Creditors)

Responses Received:  Informal comments from the Official Committee of Unsecured Creditors, Okaloosa County, and Dallas County.

Related Documents:

a.  [Signed] Interim Order (I) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Debtors to Use Cash Collateral; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Granting Adequate Protection to the Prepetition Lenders; (V) Modifying the Automatic Stay; (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief [Filed: 4/14/20] ([Docket No. 59](#)).

b.  Notice of Entry of Interim Order and Final Hearing Regarding Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Debtors to Use Cash Collateral; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Granting Adequate Protection to the Prepetition Lenders; (V) Modifying the Automatic Stay; (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief [Filed: 4/15/20] ([Docket No. 76](#)).

c.  Re-Notice of Final Hearing Regarding Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Debtors to Use Cash Collateral; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Granting Adequate Protection to the Prepetition Lenders; (V) Modifying the Automatic Stay; (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief [Filed: 5/8/20] ([Docket No. 206](#)).

d.  Notice of Filing of Revised Clean and Blackline Copies of the Final (I) Authorizing the Debtors to Obtain Postpetition Secured Financing Pursuant to Section 364 of the Bankruptcy Code; (II) Authorizing the Debtors to Use Cash Collateral; (III) Granting Liens and Superpriority Administrative Expense Claims; (IV) Granting Adequate Protection to the Prepetition Lenders; (V) Modifying the Automatic Stay; (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief [Filed: 5/28/20] ([Docket No. 266](#)).

Status:  This matter will go forward with respect to a final order.

11.     Final Hearing on Debtors' Motion Seeking Interim and Final Approval of First Amendment to Debtors' Postpetition Secured Financing Pursuant to Sections 105(a), 363, and 364 of the Bankruptcy Code [Filed: 5/19/20] (Docket No. 240).

       Response Deadline:  June 1, 2020, at 4:00 p.m. ET

       Responses Received:  None as of the date of this Notice of Agenda.

       Related Documents:

       a.     [Proposed] Interim Order Approving First Amendment to Debtors' Postpetition Secured Financing [Filed: 5/19/20] (Docket No. 240, Exhibit 1).

       b.     Notice of Debtors' Motion Seeking Interim and Final Approval of First Amendment to Debtors' Postpetition Secured Financing Pursuant to Sections 105(a), 363, and 364 of the Bankruptcy Code [Filed: 5/19/20] (Docket No. 240).

       c.     [Signed] Interim Order Approving First Amendment to Debtors' Postpetition Secured Financing [Filed: 5/26/20] (Docket No. 253).

       d.     Notice of Entry of Interim Order and Final Hearing Regarding Debtors' Motion Seeking Interim and Final Approval of First Amendment to Debtors' Postpetition Secured Financing Pursuant to Sections 105(a), 363, and 364 of the Bankruptcy Code [Filed: 5/26/20] (Docket No. 255).

       Status:  This matter will go forward with respect to a final order.

12.     Debtors' Motion Seeking Entry of Orders (I)(A) Approving Bidding Procedures, (B) Scheduling an Auction and Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Establishing Procedures for the Assumption and Assignment of Contracts and Leases, (II)(A) Approving Asset Purchase Agreement Among the Debtors and the Purchaser, (B) Approving Sale of Substantially All Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), (f) and (m), (C) Approving Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 363 and 365, and (D) Determining the Amounts Necessary to Cure Such Executory Contracts and Unexpired Leases, and (III) Granting Related Relief [Filed: 4/13/20] (Docket No. 27).

       Response Deadline:  May 7, 2020, at 5:00 p.m. ET

       Responses Received:

       a.     Objection and Reservation of Rights of Puente Castleton LLC to Debtors' Motion Seeking Entry of Orders (I)(A) Approving Bidding Procedures, (B) Scheduling an Auction and Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Establishing Procedures for the Assumption, Assignment and Sale of Contracts and Leases, (II)(A) Approving Asset Purchase Agreement Among the

>
> Debtors and the Purchaser, (B) Approving Sale of Substantially all Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), (f) and (m), (C) Approving Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 363 and 365, and (D) Determining the Amounts Necessary to Cure Such Executory Contracts and Unexpired Leases, and (III) Granting Related Relief [Filed: 5/11/20] (Docket No. 215).

Adequate Assurance Objection Deadline:  May 8, 2020, at 4:00 p.m. ET

Adequate Assurance Objections:

a. Broadspire Services, Inc.'s Supplemental Objection to Debtors' Notice to Contract Parties Regarding Adequate Assurance of Future Performance [Filed: 5/7/20] (Docket No. 201).

b. Objection of BK of Destin, Inc. to Adequate Assurance and Reservation of Rights [Filed: 5/8/20] (Docket No. 207).

c. Huish Landlords Objection to Adequate Assurance of Future Performance and Reservation of Rights [Filed: 5/12/20] (Docket No. 219).

Cure Objection Deadline:  May 4, 2020, at 4:00 p.m. ET

Supplemental Cure Objection Deadline:  May 8, 2020, at 4:00 p.m. ET

Cure Objections:

a. Broadspire Services, Inc.'s Objection to Proposed Cure Amounts Presented in Debtors' Notice to Contract Parties [Filed: 5/4/20] (Docket No. 144).

b. Objection and Reservation of Rights of Certain [Huish] Landlords Concerning Notice to Contract Parties to Potentially Assumed, Assigned and Sold Executory Contracts and Unexpired Leases [Filed: 5/4/20] (Docket No. 145).

c. Limited Objection of the Krausz Companies, Inc. to Debtors' Notice to Contract Parties to Potentially Assumed, Assigned and Sold Executory Contracts and Unexpired Leases [Filed: 5/4/20] (Docket No. 146).

d. Objection of BK of Destin, Inc. to Cure Amount [Filed: 5/4/20] (Docket No. 148).

Related Documents:

a. [Proposed] Order (I) Approving Asset Purchase Agreement Among the Debtors and the Purchaser, (II) Approving Sale of Substantially all Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), (f) and (m), (III) Approving Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 363 and 365, and (IV) Determining the Amounts Necessary to Cure Such Executory Contracts and Unexpired Leases, and (V) Granting Related Relief [Filed:4/13/20] ([Docket No. 27, Exhibit B](#)).

b. [Signed] Order (A) Approving Bidding Procedures, (B) Scheduling an Auction and a Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Establishing Notice and Procedures for the Assumption Assignment and Sale of Contracts and Leases, and (E) Granting Related Relief [Filed: 4/25/20] ([Docket No. 115](#)).

c. Notice to Contract Parties to Potentially Assumed, Assigned and Sold Executory Contracts and Unexpired Leases [Filed: 4/27/20] ([Docket No. 117](#)).

d. Notice of Sale By Auction and Sale Hearing [Filed: 4/27/20] ([Docket No. 118](#)).

e. Supplemental Notice to Contract Parties to Potentially Assumed, Assigned and Sold Executory Contracts and Unexpired Leases [Filed: 4/30/20] ([Docket No. 130](#)).

f. Notice of Successful Bidder [Filed: 5/12/20] ([Docket No. 221](#)).

g. Notice of First and Second Amendment to Asset Purchase Agreement [Filed: 5/21/20] ([Docket No. 245](#)).

h. Second Supplemental Notice to Contract Parties to Potentially Assumed, Assigned and Sold Executory Contracts and Unexpired Leases [Filed: 5/26/20] ([Docket No. 254](#)).

i. Notice of Filing of Revised Clean and Blackline Copies of the Order (I) Approving Asset Purchase Agreement Among the Debtors and the Purchaser, (II) Approving Sale of Substantially all Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), (f) and (m), (III) Approving Assumption, Assignment and Sale of Certain Executory Contracts and Unexpired Leases Free and Clear of All Liens, Claims, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 363 and 365, and (IV) Determining the Amounts Necessary to Cure Such Executory Contracts and Unexpired Leases, and (V) Granting Related Relief [Filed: 5/28/20] ([Docket No. 262](#)).

Status:  The hearing with respect to the sale of the Debtors' assets will go forward.  The objection of the Krausz Companies, Inc. will go forward.  All other objections have been resolved by agreement or addressed through rejection of the applicable leases.

13. Motion of the Official Committee of Unsecured Creditors for Approval of Global Settlement with the Lenders and Purchaser [Filed: 5/28/20] (Docket No. 265).

    Response Deadline:  June 3, 2020, at 4:00 p.m. ET

    Responses Received:  None as of the date of this Notice of Agenda.

    Related Documents:

    a.  [Proposed] Order Granting Motion of the Official Committee of Unsecured Creditors for Approval of Global Settlement with the Lenders and Purchaser [Filed: 5/28/20] (Docket No. 265, Exhibit A).

    b.  Motion for an Order Shortening Notice and Objection Period for Motion of the Official Committee of Unsecured Creditors for Approval of Global Settlement with the Lenders and Purchaser [Filed: 5/28/20] (Docket No. 267, Exhibit A).

        (i)  [Signed] Order Shortening Notice and Objection Period for Motion of the Official Committee of Unsecured Creditors for Approval of Global Settlement with the Lenders and Purchaser [Filed: 5/29/20] (Docket No. 269).

    c.  Notice of Hearing on Motion of the Official Committee of Unsecured Creditors for Approval of Global Settlement with the Lenders and Purchaser [Filed: 5/29/20] (Docket No. 272).

    Status:  This matter will go forward.

14. Debtors' Motion in Furtherance of Sale Seeking Approval of Transition Services Agreement [Filed: 5/28/20] (Docket No. 263).

    Response Deadline:  June 3, 2020, at 4:00 p.m. ET

    Responses Received:  None as of the date of this Notice of Agenda.

    Related Documents:

    a.  [Proposed] Order in Furtherance of Sale Approving Transition Services Agreement [Filed: 5/28/20] (Docket No. 263, Exhibit A).

    b.  Motion to Shorten Notice and Request for Hearing with Respect to Debtors' Motion in Furtherance of Sale Seeking Approval of Transition Services Agreement [Filed: 5/28/20] (Docket No. 264).

      (i)    [Signed] Order Granting Motion to Shorten Notice and Request for Hearing with Respect to Debtors' Motion in Furtherance of Sale Seeking Approval of Transition Services Agreement [Filed: 5/29/20] (Docket No. 270).

    c.    Notice of Hearing Regarding Debtors' Motion in Furtherance of Sale Seeking Approval of Transition Services Agreement [Filed: 5/29/20] (Docket No. 276).

Status:  This matter will go forward.

15. Motion of Ranpu Chen for Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d) of the Bankruptcy Code [Filed: 5/13/20] (Docket No. 222).

    Response Deadline:  May 28, 2020, at 4:00 p.m. ET *(extended until 6/3/20 for the Debtors)*

    Responses Received:  None as of the date of this Notice of Agenda.

    Related Documents:

    a.   [Proposed] Order Lifting the Automatic Stay Pursuant to 11 U.S.C. § 362(d) of the Bankruptcy Code [Filed: 5/13/20] (Docket No. 222).

    Status:  The parties are in discussions and expect to resolve the motion prior to the hearing.

16. Motion of Alfred J. Johnson for Relief From the Automatic Stay Pursuant to Section 362 of the Bankruptcy Code [Filed: 5/13/20] (Docket No. 227).

    Response Deadline:  May 26, 2020, at 4:00 p.m. ET *(extended until 6/3/20 for the Debtors)*

    Responses Received:  None as of the date of this Notice of Agenda.

    Related Documents:

    a.   [Proposed] Order Granting Motion for Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Filed: 5/13/20] (Docket No. 227).

    Status:  The parties are in discussions and expect to resolve the motion prior to the hearing.

17. Debtors' Motion Seeking Entry of Interim and Final Orders (I) Determining Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Services, (III) Establishing Procedures for Determining Adequate Assurance of Payment, (IV) Requiring Utility Providers to Return Deposits for Utility Services No Longer in Use, and (V) Granting Related Relief [Filed: 4/13/20] (Docket No. 22).

Response Deadline:  April 30, 2020, at 4:00 p.m. ET

Responses Received:  Informal comments from Official Committee of Unsecured Creditors.

a. Objection of Atlantic City Electric Company to Debtors' Motion Seeking Entry of Interim and Final Orders (I) Determining Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Services, (III) Establishing Procedures for Determining Adequate Assurance of Payment, (IV) Requiring Utility Providers to Return Deposits for Utility Services No Longer in Use, and (V) Granting Related Relief [Filed: 4/30/20] (Docket No. 135).

Related Documents:

a [Proposed] Final Order (I) Determining Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Services, (III) Establishing Procedures for Determining Adequate Assurance of Payment, (IV) Requiring Utility Providers to Return Deposits for Utility Services No Longer in Use, and (V) Granting Related Relief [Filed: 4/13/20] (Docket No. 22, Exhibit B).

b. [Signed] Interim Order (I) Determining Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Services, (III) Establishing Procedures for Determining Adequate Assurance of Payment, (IV) Requiring Utility Providers to Return Deposits for Utility Services No Longer in Use, and (V) Granting Related Relief [Filed: 4/14/20] (Docket No. 53).

c. [Signed] Final Order (I) Determining Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Utility Services, (III) Establishing Procedures for Determining Adequate Assurance of Payment, (IV) Requiring Utility Providers to Return Deposits for Utility Services No Longer in Use, and (V) Granting Related Relief [Filed: 5/5/20] (Docket No. 184).

*[Remainder of Page Intentionally Left Blank]*

<u>Status:</u>  The Debtors have responded informally to the objection of Atlantic City Electric, and the parties are attempting to resolve the matter.  In the event the matter is not resolved, this motion will go forward with respect to the additional adequate assurance requested by Atlantic City Electric.

Dated: June 2, 2020    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Timothy P. Cairns*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@pszjlaw.com
          dbertenthal@pszjlaw.com
          tcairns@pszjlaw.com

Counsel to the Debtors and Debtors in Possession