**Exhibit "E"**

**(Itemization of Costs)**

{05754155.1}



ELECTRONICALLY FILED
10/20/2020 4:05 PM
01-CV-2017-000165.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY
## BIRMINGHAM DIVISION

| | |
|---|---|
| **APEX PARKS GROUP LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | CV-2017-00165 |
| ) | |
| **PROTECTIVE LIFE INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT PROTECTIVE LIFE INSURANCE COMPANY'S VERIFIED ITEMIZATION OF COSTS

**COMES NOW** Defendant Protective Life Insurance Company ("Protective" or "Defendant") and provides this Itemization of Costs related to its recent judgement in this matter.

On September 18, 2020, in *Protective Life Insurance Company v. Apex Parks Group LLC* (Case No. 1180508), the Alabama Supreme Court reversed the trial court's judgement on jury verdict in favor of Apex Parks Group LLC ("Apex") and rendered judgment on appeal for Protective. On October 6, 2020, the Supreme Court issued a Certificate of Judgment taxing court costs against Apex as provided under Ala. R. App. P. 35. In accordance with this Certificate of Judgment and Ala. R. App. P. 35, Protective is submitting this itemization of costs and expenses incurred and paid by Protective, which are verified in the Affidavit of Alexander B. Feinberg attached hereto.

Apex has filed a Chapter 11 bankruptcy petition on April 8, 2020, in the United States Bankruptcy Court for the District of Delaware, Case No. 20-10911-JTD (the "Bankruptcy Court)". Protective filed a Suggestion of Bankruptcy in the Alabama Supreme Court and obtained an order

from the Bankruptcy Court acknowledging that Protective's continued pursuit of its appeal to completion would not violate the automatic stay imposed under Section 362(a) of the Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) upon the filing of Apex's chapter 11 petition.  Protective submits this Itemization of Costs as a final stage of that appellate process, to establish the amount of Apex's financial obligation to Protective based on Protective's successful appeal in accordance with applicable state law.  Submission of this Itemization of Costs does not constitute an effort to collect the amount owed from Apex.  Rather, Protective will seek recovery of the costs and expenses allowed and ordered by this Court through the Bankruptcy Court from property of Apex's bankruptcy estate, including without limitation by setoff against the funds currently held in this Court, in full compliance with the Bankruptcy Code.

## APPELLATE COURT COSTS
(Ala. R. App. P. 35(c))

Pursuant to Ala. R. App. P. 35(c), a prevailing party is entitled to recover its costs of "producing the necessary copies of the clerk's record and the reporter's transcript."  *See also Smith v. Player,* 630 So. 2d 400, 401 (Ala. 1993) (same).

The following itemized costs were incurred and paid by Protective in connection with its successful appeal to the Alabama Supreme Court:

| | | |
|---|---|---|
| **I.** | **Cost for Copies of Clerk's Record** | $ 5,866.00 |
| **II.** | **Cost to for Copies of Reporters' Transcript** | **$  31,896.00** |
| **TOTAL RULE 35 COSTS INCURRED BY PROTECTIVE** | | **$  37,762.00** |

These costs were reasonable and necessary for Protective's successful appeal.  A breakdown of these costs is detailed in Exhibits "A" and "B" to the Affidavit of Alexander B. Feinberg.

Accordingly, Protective respectfully requests that this Court enter an award of costs and expenses in Protective's favor and against Apex in the amount of **$37,726.00.**

**TRIAL COURT COSTS**
(Ala. R. Civ. P. 54(d))

Pursuant to Ala. R. Civ. P. 54(d), costs in the trial court "shall be allowed as of course to the prevailing party unless the court otherwise directs." *See also Ennis v. Kittle*, 770 So. 2d 1090, 1091 (Ala. Civ. App. 1999) ("*Ennis*") ("[In Alabama] civil litigation, 'the usual rule is to tax the costs in favor of the prevailing party.'"). A court should deem recoverable the costs presented unless the opposing party makes specific objections. *Lewis, Wilson, Lewis & Jones, Ltd. v. First National Bank of Tuscumbia*, 435 So. 2d 20, 23 (Ala. 1983) ("*Lewis*"). A court's decision in allocating costs "will not be reversed unless a clear abuse of discretion is shown." *Ennis,* 770 So. 2d at 1091 (quoting *Garrett v. Whatley*, 694 So. 2d 1390, 1391 (Ala. Civ. App. 1997)).

As detailed in the attached Affidavit of Alexander B. Feinberg, the costs and fees requested herein were reasonably necessary and incurred in the course of this litigation. The documents provided in support of these costs and fees are properly authenticated pursuant to Alabama Rule of Evidence 901(b)(4) in that the "appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with the circumstances" suffice to demonstrate that they are what Protective claims them to be. *See* ALA. R. EVID. 901(b)(4); *see also Bundrick v. McAllister*, 882 So. 2d 864, 866 (Ala. Civ. App. 2003) ("*Bundrick*").

Accordingly, as the prevailing party, Protective itemizes its Rule 54(d) costs below, in the total amount of **$65,784.81**. The breakdown of these costs is further detailed in Exhibits "C" through "F" to the Affidavit of Alexander B. Feinberg.

**Deposition and Video Editing Costs**

A prevailing party may recover deposition transcript generation costs and related expenses. *See* ALA. CODE § 12-21-144 (1975) ("The costs of any deposition introduced, in whole or in part, into evidence at the trial by the party taking it shall be taxed as costs …"); *Ennis*, 770 So. 2d at

1092 (observing that the costs of depositions not used at trial are properly recoverable); *Ex Parte Strickland,* 401 So. 2d 33, 35 (Ala. 1981) (upholding recovery of deposition costs, regardless of whether depositions were used at trial); *Bundrick*, 882 So. 2d at 867 (allowing costs for videotaping and editing depositions). Protective's deposition and video editing costs total **$33,753.60**. The breakdown of these costs is shown in Exhibit "C" to the Affidavit of Alexander B. Feinberg.

### Filing Fees

The costs of filing fees has been recognized by the Alabama Supreme Court as appropriate for reimbursement for a prevailing party such as Protective. *First National Bank¸* 435 So. 2d at 23. Protective's filing fees total **$10,802.41**. The breakdown of these costs is shown in Exhibit "D" to the Affidavit of Alexander B. Feinberg.

### Necessary Copying Costs

Copying expenses have been recognized by the Alabama Supreme Court as appropriate for reimbursement for a prevailing party such as Protective. *Lewis,* 435 So. 2d at 23. Copying expenses of medical records, billings records, photographs, and illustrative exhibits used at trial are also taxable under Ala. R. Civ. P. 54. *See Bundrick*, 882 So. 2d at 868. Protective's necessary copying costs total **$14,188.13**. The breakdown of these costs is shown in Exhibit "E" to the Affidavit of Alexander B. Feinberg.

### Deposition Travel Expenses

Alabama courts allow the prevailing party to recover travel costs associated with the litigation. *See Lewis*, 435 So. 2d at 23 (allowing reimbursement of travel expenses); *Ellison v. Green,* 775 So. 2d 831, 834-35 (Ala. Civ. App. 2000) (allowing recovery of travel costs associated with discovery); *Ennis*, 770 So. 2d at 1092 (approving travel costs awarded to prevailing party); *State Dept. of Human Resources v. Estate of Harris,* 857 So. 2d 818, 820 (Ala. Civ. App. 2002)

(noting that the Alabama Supreme Court has recognized that a variety of expenses, including travel related expenses, are taxable as costs at the conclusion of an action).

Protective seeks recovery of its travel costs for depositions of essential witnesses—and specifically, the costs incurred by counsel for airfare to attend the depositions of non-Alabama witnesses, as well as hotel accommodations during these depositions. These costs total **$7,040.67**. The breakdown of these costs is shown in Exhibit "F" to the Affidavit of Alexander B. Feinberg.

### Summary of Rule 54(d) Costs

In summary, the following itemized defense costs were incurred by Protective and/or its counsel during the trial and are recoverable under Ala. R. Civ. P. 54(d):

| | | | |
|---|---|---|---:|
| I. | **Deposition Expenses** | $ | **33,753.60** |
| II. | **Filing Fees** | $ | **10,802.41** |
| III. | **Necessary Copying Costs** | | |
| | A. Outside Copying Costs | $ | 6,012.08 |
| | B. In-house Copying Costs | $ | 8,176.05 |
| | Total Copying | $ | 14,188.13 |
| IV. | **Travel Costs** | $ | **7,040.67** |
| | **TOTAL RULE 54(d) COSTS INCURRED BY PROTECTIVE** | $ | **65,784.81** |

### CONCLUSION

Under the applicable rules, Protective's itemized costs total **$103,546.81**. Accordingly, Protective respectfully requests that the Court enter an award of costs in its favor, and against Apex, for this entire amount of **$103, 546.81.**

Respectfully submitted,

*/s/ Katharine A. Weber*
Katharine A. Weber (WEB026)
Michael D. Mulvaney (MUL012)
Edward M. Holt (HOL111)
Alexander B. Feinberg (FEI003)
Maynard Cooper & Gale, PC
1901 Sixth Avenue, North
2400 Regions Harbert Plaza
Birmingham, AL  35203
Telephone:  (205) 254-1000
Facsimile:  (205) 254-1999

**Attorneys for Defendant**
**Protective Life Insurance Company**

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2020, a true and correct copy of the above and foregoing motion was electronically served upon the following listed persons via the AlaFile system:

Robert E. Battle
Harlan F. Winn
BATTLE & WINN LLP
2901 Second Avenue South, Ste. 220
Birmingham, AL 35233
Facsimile: (205) 397-8179
rbattle@battlewinn.com
hwinn@battlewinn.com

Robin L. Cohen (admitted *pro hac vice*)
Michelle R. Migdon (admitted *pro hac vice*)
Natasha Romagnoli (admitted *pro hac vice*)
Joao Santa Rita (admitted *pro hac vice*)
MCKOOL SMITH, P.C.
One Bryant Park, 47th FL
New York, NY 10036
Facsimile: (212) 402-9444
rcohen@mckoolsmith.com
mmidgon@mccoolsmith.com
nromagnoli@mccoolsmith.com
jsantarita@mccoolsmith.com

Scott L. Cole (admitted *pro hac vice*)
MCKOOL SMITH, P.C.
300 W. 6th Street
Suite 1700
Austin, Texas 78701
Facsimile: (212) 402-9444
scole@mckoolsmith.com

This the 20th day of October 2020.

                                          MAYNARD, COOPER & GALE, P.C.

                                          */s/ Katharine A. Weber*
                                          Of Counsel