IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TZEW HOLDCO LLC, *et al.* [1], | ) | Case No. 20-10910 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: December 27, 2021 at 4:00 p.m.
Hearing Date: January 12, 2022 at 11:30 a.m.

## APPLICATION OF CHAPTER 7 TRUSTEE TO RETAIN DAVID C. CIMO, MARILEE A. MARK, AND THE LAW FIRM OF CIMO MAZER MARK PLLC AS SPECIAL LITIGATION COUNSEL EFFECTIVE AS OF MARCH 23, 2021

Jeoffrey L. Burtch, Chapter 7 Trustee (the "Trustee") for the estates (the "Estates") of TZEW Holdco, LLC, *et al.* (the "Debtors"), pursuant to 11 U.S.C. §§ 105, 327(a), 328(a), 330, and 331, as applicable, and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the District of Delaware (as amended, the "Local Rules"), moves to retain David C. Cimo, Marilee A. Mark, and the law firm of Cimo Mazer Mark PLLC (collectively, "CMM" or the "Applicant") as special litigation counsel effective as of March 23, 2021 (the "Application" or "Motion"), and in support of this Application respectfully represents that:

### JURISDICTION

1.    This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]    The Debtors in these chapter 7 cases, along with each Debtor's bankruptcy case number, are TZEW Holdco LLC (0252), 20-10910 (CSS); PP Group, LLC (5579) f/k/a Apex Parks Group, LLC d/b/a TZEW, LLC, 20-10911 (CSS); PP Property Holdings, LLC (1013) f/k/a Apex Real Property Holdings, LLC, 20-10912 (CSS); PP Parks Beverage Company, LLC (2339) f/k/a Speedzone Beverage company, LLC, 20-10913 (CSS); PP Parks Holdings, LLC (7913) f/k/a Speedzone Holdings, LLC, 20-10914 (CSS); PP Parks Management, LLC (2937) f/k/a Speedzone Management, LLC, 20-10915 (CSS); and TZEW Intermediate Corp. (1058) d/b/a TZEW Corp.20-10916 (CSS).

## BACKGROUND

2. On April 8, 2020, the debtors TZEW Holdco LLC, PP Group, LLC f/k/a Apex Parks Group, LLC d/b/a TZEW, LLC, PP Property Holdings, LLC f/k/a Apex Real Property Holdings, LLC, PP Parks Beverage Company, LLC f/k/a Speedzone Beverage company, LLC, PP Parks Holdings, LLC f/k/a Speedzone Holdings, LLC, PP Parks Management, LLC f/k/a Speedzone Management, LLC and TZEW Intermediate Corp. d/b/a TZEW Corp. filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtors were a privately held owner-operator of amusement parks, resorts, and family entertainment centers with locations around the country, including California, New Jersey, Florida, Indiana and New York.

4. On June 4, 2020, the Court entered an order approving, among other relief, the sale of certain assets of the Debtors to APX Operating Company, LLC [D.I. 300]. The sale closed on June 8, 2000.

5. On February 17, 2021, the Court entered the Order Converting Case from Chapter 11 to Chapter 7 of the Bankruptcy Code [D.I. 552].

6. On February 18, 2021, Jeoffrey L. Burtch was appointed as interim trustee for the Debtors, pursuant to Section 701 of the Bankruptcy Code and following the conclusion of the section 341 meeting serves at trustee pursuant to Section 702(d) of the Bankruptcy Code.

7. Since his appointment, the Trustee has reviewed certain of Debtors' corporate and financial records and believes that there are causes of action that need to be investigated and thereafter potentially pursued for the benefit of the bankruptcy estates.

## RELIEF REQUESTED

8. Subject to the terms and conditions set forth below, the Trustee seeks to retain

CMM as special litigation counsel on a 35% contingency fee basis to represent him in these cases to investigate, and if appropriate, prosecute: (a) claims against former insiders, officers, directors, managers, owners, shareholders, members, partners, employees, or control persons of the Debtors, (and each of their respective affiliates, agents, owner}s, and/or control persons); (b) claims against former professionals of the Debtors, including auditors, accountants, bookkeepers, attorneys, financial brokers, and investment advisors; (c) claims against former banks and other financial institutions of the Debtors; (d) Chapter 5 avoidance claims, and claim objections, involving the claims described in (a)-(c) above; (e) insurance recovery claims, including coverage litigation and bad faith claims involving the claims described in (a)-(c) above; and (f) any and all other litigation claims as may be directed by the Trustee and agreed to by the Applicant (collectively, the "Litigation Claims").

9.  Pursuant to Section 327(a) of the Bankruptcy Code, the Trustee, "with the court's approval, may employ one or more attorneys, . . . that do not hold or represent an interest adverse to the estates, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties." 11 U.S.C. § 327(a).

10. Pursuant to Section 328(a) of the Bankruptcy Code, the Trustee, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). In these cases, the Trustee has extremely limited funds which would not allow him to seek retention of counsel other than on a contingent fee basis.

11. The Trustee needs experienced counsel to investigate and, to the extent appropriate, pursue the Litigation Claims. CMM's attorneys are experienced and well regarded in the fields of

complex bankruptcy and commercial litigation, and regularly represent fiduciaries and litigants in such matters, including matters such as the Litigation Claims, throughout the United States and the Commonwealth of Puerto Rico. CMM's attorneys have an excellent reputation for the services that the firm proposes to render, and CMM is well qualified to assist the Trustee in these cases. Accordingly, the Trustee submits that his retaining CMM as special litigation counsel to investigate and, if appropriate, pursue and/or prosecute the Litigation Claims on a contingency fee basis would be in the best interests of the Estates.

12. The Trustee has reviewed the Declaration of David C. Cimo, Esquire, a shareholder at CMM (the "Declaration"), a copy of which is attached hereto and incorporated herein by reference. To the best of the Trustee's knowledge, information, and belief, and based entirely and in reliance upon the Declaration: (i) CMM does not represent or hold any interest adverse to the Debtors or to the Estates with respect to the matters for which it is to be employed; and (ii) CMM has no connection to the Debtors, Estates, creditors, interest holders, and/or any related parties, except as may be disclosed in the Declaration. As explained in the Declaration, CMM is a disinterested person within the meaning of 11 U.S.C. §101(14). If CMM discovers any additional facts bearing on the matters described herein during the period of CMM's retention, it will supplement the information contained in the Declaration.

13. CMM will assist and advise the Trustee solely related to the investigation and, if appropriate, prosecution of the Litigation Claims. The Trustee believes that these services will not duplicate the services that other professionals will be providing to the Estates in these cases. CMM will perform only these services, and will not overlap with any of the Trustee's other professionals.

14. CMM's compensation will consist solely of a 35% contingency fee in connection with the Litigation Claims to be calculated based upon gross monetary recoveries or the amount

of value provided to the Estates (the "Contingency Fee"). In its discretion, the Applicant may advance payment of litigation related costs pertaining to the investigation and/or pursuit of the Litigation Claims, but the Estates shall be responsible for the reimbursement and/or payment of all such costs including expert witness and consulting fees and costs, and any and all other normal and customary out-of-pocket expenses incurred in connection with the professional services provided hereunder, including but not limited to travel, court reporter fees, printing, photocopy costs, administrative, and other costs.

15. All requests for payment of CMM's Contingency Fee pursuant to the Order approving this Application shall be filed and approved without the need to file formal fee applications with the Court: (i) by respective motion to approve any and all settlements pursuant to Fed. R. Bank. P. 9019, with the amount of the Contingency Fee sought to be included in both the title and body of the motion; and/or (ii) in a motion seeking payment of the Contingency Fee in the event of payment other than from settlement, i.e., satisfaction of a judgment.

16. Irrespective of the foregoing, Applicant shall file applications for reimbursement of costs and expenses in compliance with the Bankruptcy Rules, Local Rules, and Bankruptcy Court and United States Trustee Guidelines.

17. Local Bankruptcy Rule 2016-2(d) provides various timekeeping requirements for professionals. Because CMM's compensation in this matter consists of the Contingency Fee, the Trustee respectfully requests that the Court exempt CMM from Rule 2016-2(d)'s requirements.[2]

18. Notice of this Application will be given to the following parties by first class postage-prepaid U.S. mail, electronic mail, and/or hand delivery: (i) the Office of the United States

---

[2] Local Bankruptcy Rule 2016-2(h) says that "[a]n employed professional person or entity within the scope of this Local Rule may request that the Court waive, for cause, one or more of the information requirements of this Local Rule."

Trustee; (ii) the Debtors; (iii) CMM; and (iv) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, in substantially the form attached hereto: (i) approving this Application; (ii) authorizing him to retain CMM as special litigation counsel to perform the services set forth herein under the terms and conditions set forth herein effective as of March 23, 2021; (iii) authorizing him to pay the Contingency Fee to CMM under the terms and conditions set forth herein; (iv) authorizing CMM to seek reimbursement of costs and expenses, subject to CMM's filing, and obtaining Court approval, of a cost application under 11 U.S.C. § 330; (v) waiving the requirements of Local Rule 2016-2(d); and (vi) granting any such other and further relief that the Court may deem just and proper.

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman (DSB# 3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
(302) 472-7420
(302) 792-7420 Fax
skaufman@skaufmanlaw.com

General Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee

Dated: December 10, 2021