IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| TZEW HOLDCO LLC, *et al.*[1], ) | Case No. 20-10910 (CSS) |
| ) | (Jointly Administered) |
| Debtors. ) | |

**DECLARATION OF DAVID C. CIMO, ESQUIRE, IN SUPPORT OF APPLICATION OF CHAPTER 7 TRUSTEE TO RETAIN DAVID C. CIMO, MARILEE A. MARK, AND THE LAW FIRM OF CIMO MAZER MARK PLLC AS SPECIAL LITIGATION COUNSEL EFFECTIVE AS OF MARCH 23, 2021**

I, David C. Cimo, Esquire, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am a shareholder with the law firm of Cimo Mazer Mark PLLC ("CMM") located in Miami, Florida. I am an attorney admitted to practice in the State of Florida and the United States District Courts for the Southern and Middle Districts of Florida, and am qualified to practice in the U.S. Bankruptcy Courts for the Southern and Middle Districts of Florida.

2. I am familiar with the matters set forth herein and make this declaration in support of the Chapter 7 Trustee's Application to Retain David C. Cimo, Marilee A. Mark, and the law firm of Cimo Mazer Mark PLLC (collectively, "CMM" or the "Applicant") as special litigation counsel effective as of March 23, 2021 (the "Application") pursuant to Sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the District of Delaware (as amended, the "Local

---

[1] The Debtors in these chapter 7 cases, along with each Debtor's bankruptcy case number, are TZEW Holdco LLC (0252), 20-10910 (CSS); PP Group, LLC (5579) f/k/a Apex Parks Group, LLC d/b/a TZEW, LLC, 20-10911 (CSS); PP Property Holdings, LLC (1013) f/k/a Apex Real Property Holdings, LLC, 20-10912 (CSS); PP Parks Beverage Company, LLC (2339) f/k/a Speedzone Beverage company, LLC, 20-10913 (CSS); PP Parks Holdings, LLC (7913) f/k/a Speedzone Holdings, LLC, 20-10914 (CSS); PP Parks Management, LLC (2937) f/k/a Speedzone Management, LLC, 20-10915 (CSS); and TZEW Intermediate Corp. (1058) d/b/a TZEW Corp.20-10916 (CSS).

Rules").

3. CMM, its members and associates, do not have any connection with the above-captioned Debtor (the "Debtor"), the Debtor's creditors, any other parties in interest, or their respective attorneys, accountants, or the United States Trustee (the "UST") or any person employed by the Office of the UST, as contemplated by Bankruptcy Rule 2014(a).

4. CMM does not represent or hold any interest adverse to the Debtor's estate (the "Estate") with respect to the matters on which CMM will be employed, pursuant to Section 327(a) of the Bankruptcy Code.

5. Based upon the information available to me, I believe that CMM is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that CMM, its members and associates: (i) are not creditors, equity security holders or insiders of the Debtor; (ii) are not and were not within two (2) years before the date of the filing of the Debtor's petition for relief, directors, officers or employees of the Debtor; and (iii) do not have interests materially adverse to the interest of the Estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

6. No member or associate of CMM: is a relative of the bankruptcy judge presiding over this case; is a relative of the UST in the region in which this case is pending; or is or has been so connected with the Judge or the UST as to render the employment of CMM in this case improper, as set forth in Bankruptcy Rule 5002.

7. No promises have been received by CMM, nor any member or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. No agreement exists, nor will any be made, to share any compensation

received by CMM for its services with any other person or firm.

8.   In an abundance of caution and in the interests of full disclosure, CMM discloses that CMM and its attorneys currently represent or have represented the Trustee, Jeoffrey L. Burtch, as bankruptcy trustee on behalf of bankruptcy estates wholly unrelated this case. I submit that the foregoing precautionary disclosure does not affect or impair the disinterestedness of myself or CMM.  In addition, CMM or its attorneys may have in the past, may currently, or may in the future represent or be adverse to certain of the Debtors' creditors or parties in interest or their respective attorneys or accountants in unrelated matters, and CMM or its attorneys may have in the past, may currently, or may in the future be involved in unrelated cases in which certain creditors or parties in interest or their respective attorneys or accountants are also involved.

9.   CMM is willing to be retained by the Trustee appointed in this case as his special litigation counsel on a contingency fee basis pursuant to the employment terms set forth and described in the Application, and will seek compensation and reimbursement of out-of-pocket expenses in accordance with the terms of the Application.

10.   I have reviewed the Application and to the best of my knowledge and belief, the facts set forth therein are true and correct.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

CIMO MAZER MARK, PLLC

By: _/s/ David C. Cimo_
David C. Cimo, Esq.
Cimo Mazer Mark PLLC
100 SE 2nd Street, Suite 3650
Miami, FL 33131
T: 305.374.6482
F: 305.374.6488

Dated: December 8, 2021